## John Watson et al.

### v.

## John D. Abry.

School directors—Execution not to issue against.—It is error to award a general execution against school directors. The statute provides another method of enforcing judgments against such corporations, and this must be pursued.

Error to the Circuit Court of St. Clair county; the Hon. W. H. Snyder, Judge, presiding. Opinion filed October 6, 1881.

Mr. W. P. Launtz, for appellants; cited Botkin v. Osborn, 39 Ill. 101; Laws 1859, 278.

Mr. Geo. W. Locke and Mr. Frank B. Bowman, for appellee.

Casey, P. J. Appellee sued appellants before a justice of the peace in St. Clair county, and obtained judgment for $25.00 and costs. An appeal was taken by appellants to the circuit court of that county, where, upon a hearing, the following judgment was entered: " On the second Monday of the term, this cause having been set for trial this day, comes the plaintiff by his attorney, and the defendants failing to appear, and no one appearing on their behalf, it is ordered by the court that the appeal be dismissed for want of prosecution, and that a procedendo issue; and it is further ordered by the court that the plaintiff recover from the defendants, costs by him in this behalf expended, and have execution therefor." An appeal to this court was prayed and allowed.

It is assigned for error that the court erred in awarding a general execution against appellants. The point is well made. The judgment is erroneous. The statute very clearly directs in what manner judgments against a board of trustees or school directors shall be paid. By section 49, page 1191, of Underwood's Annotated Statutes of Illinois, 1878, it is pro-

vided if judgment shall be obtained against any township, board of trustees or school directors, the party entitled to the benefit of such judgment may have execution therefor, as follows, to wit:  It shall be lawful for the court in which such judgment shall be obtained, or to which such judgment shall be removed by transcript or appeal from a justice of the peace or other court, to issue thence a writ, commanding the directors, trustees and treasurer of such township to cause the amount thereof, with interest and costs, to be paid to the party entitled to the benefit of said judgment out of any moneys unappropriated of said township or district; or if there be no such moneys, out of the first moneys applicable to the payment of the kind of services or indebtedness for which such judgment shall be obtained, which shall be received for the use of such township or district, and to enforce obedience to such writ by attachment or *mandamus*, requiring such board to levy a tax for the payment of such judgment;  and all legal process, as well as writs to enforce payments of a judgment, shall be served either on the president or clerk of the board. This is the only mode provided by law for enforcing judgments in such cases.   The order for a general execution was therefore erroneous.   The judgment of the circuit court is reversed and the cause remanded, with directions to enter a judgment as required by law.